POGUE, Judge,
dissenting:
In my view, the majority opinion’s discussion addressing the comparability of Knight and Arnold’s job performance does not draw reasonable inferences in favor of the plaintiff. See Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 150-1, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Drawing reasonable inferences in plaintiffs favor, on the record here, a reasonable jury could conclude that Ms. Knight and Ms. Arnold are similarly situated.
With regard to their documented histories of problems with coworkers, the majority appears to agree that Ms. Knight and Ms. Arnold are similarly situated. The majority claims that the differences in their performance histories and records of absenteeism and tardiness would preclude a reasonable fact-finder from finding them comparable on the basis of their cumulative employment record as a whole.
With regard to their performance histories, however, because Arnold was given an Agreement for Performance Improvement for the blood refrigerator incident (a written disciplinary action), a reasonable jury could conclude that the employer considered that infraction to be more serious than the incidents documented in Knight’s record (mere oral reprimands).
With regard to absenteeism and tardiness, the record indicates that both Knight and Arnold were given an Agreement for Performance Improvement, a formal (written) disciplinary action because of their absenteeism or tardiness. Accordingly, drawing reasonable inferences in favor of the plaintiff, Knight and Arnold appear similarly situated in this regard.
Accordingly, with regard to Knight’s and Arnold’s respective employment records taken as a whole, the employer’s own progressive disciplinary system provides a basis to infer that Knight and Arnold are similarly situated. The fact that Arnold had twice previously been given an Agreement for Performance Improvement, two formal (written) disciplinary actions whereas the incident that led to Knight’s termination was only her second formal (written) discipline provides a reasonable basis for a jury to conclude that Arnold’s historical record was at least as negative as Knight’s. Consequently, a reasonable jury could conclude that the defendant’s action with regard to Knight’s problem with her coworkers (requiring an Agreement for Performance Improvement and imposing a suspension or decision-making day) was not even-handed when compared to its response to Arnold’s similar problems. Moreover, Knight’s 2000 evaluation, issued contemporaneously with the disciplinary action at issue here, rated her performance overall as 3.39, more than “fully meets expectations.” Therefore, a reasonable jury could find the employer’s explanation for its actions lacks credibility.